UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANTHONY CAIAFA, on behalf of himself and all : 06 Civ. 2565 (RMB)
others similarly situated, et al., : 06 Civ. 2670 (RMB)
 : 06 Civ. 2744 (RMB)
               Plaintiffs, : 06 Civ. 2776 (RMB)
 : 06 Civ. 2909 (RMB)
      - against - : 06 Civ. 3099 (RMB)
 : 06 Civ. 3563 (RMB)
SEA CONTAINERS LTD., JAMES B. SHERWOOD, :
and IAN C. DURANT, et al., : **DECISION AND ORDER**
 :
               Defendants. :
------------------------------------------------------------------------x

**I.    Background**

Presently before the Court are seven related securities fraud actions filed against Sea Containers Ltd. ("Sea Containers" or the "Company") and several of its officers and directors (collectively, "Defendants") alleging that Sea Containers made false and misleading statements about its financial condition between March 15, 2004 and March 24, 2006.  (See, e.g., Complaint, dated March 31, 2006, No. 06-Civ-2565, at 1.)  On or about May 30, 2006, Beverlie Wissner ("Wissner"), a Sea Container's equity shareholder who alleges that she lost approximately $59,000 when the Company announced that it would restate its financial results, moved to consolidate the above-captioned cases, appoint her as lead plaintiff, appoint the Law Offices of Bernard M. Gross, P.C. as lead counsel, and Paskowitz & Associates as liaison counsel ("Wissner's Motion").  (See Memorandum of Law in Support of Wissner's Motion, dated May 30, 2006, at 1.)  On or about May 30, 2006, two other shareholders, i.e. the Crawford Group ("Crawford") which alleges that it lost approximately $9,460 ("Crawford Group's Motion"), and Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund ("Hotel Trades Council") which alleges that it lost approximately $9,572 ("Hotel Trade Council's Motion"), moved the Court for similar relief. (See Memorandum of Law in Support of Crawford's Motion, dated May 30, 2006, at 1;

Memorandum of Law in Support of Hotel Trade Council's Motion, dated May 30, 2006, at 1.) Also on or about May 30, 2006, Mark and Rita Winczewski (the "Winczewskis"), who held approximately $5,000 in Senior Notes issued by Sea Containers ("Winczewskis' Motion"), moved the Court for similar relief. (See Memorandum of Law in Support of the Winczewski's Motion, dated May 30, 2006, at 1.)

On July 31, 2006, the Court held a conference at which all parties except for the Hotel Trades Council agreed that Wissner should be appointed lead plaintiff.[1]

**For the reasons stated below, the cases are consolidated, Beverlie Wissner is appointed lead plaintiff, and the Law Offices of Bernard M. Gross is appointed lead counsel.**

## II.    Analysis

### Consolidation

The Court hereby orders the seven above-captioned cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because the actions relate to the same transactions or events, i.e. a series of allegedly false and misleading statements by the Company in violation of the securities laws. See Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial."); Weiss v. Friedman, Billings, Ramsey Group, Inc., No. 05-CV-04617, 2006 WL 197036, at *1 (S.D.N.Y. 2006) ("In determining the propriety of consolidation, district courts have broad discretion, and generally favor the view that considerations of judicial economy favor consolidation.").

### Lead Plaintiff

The Court grants Wissner's Motion for appointment as lead plaintiff. When considering lead plaintiff motions under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-

---

[1]    The Winczewskis agreed that Wissner should be appointed lead plaintiff, but requested that the consolidated complaint include at least one noteholder as a named plaintiff in the case caption. Wissner's counsel agreed to this request.

2

4(a)(3)(B), the court presumes that the most adequate plaintiff is the person or group of persons that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." See 15 U.S.C. 78u-4(a)(3)(B).[2]  Here, Wissner has filed a motion in response to notice of the putative class action and has the largest financial interest measured in terms of losses in the litigation.  See, e.g., Weiss v. Friedman, Billings, Ramsey Group, Inc., 05-CV-04617, 2006 WL 197036, at *3 (S.D.N.Y. January 25, 2006) ("As the movant with the largest losses, the Operating Engineers Trust appears to have the largest financial interest in this matter."); (see Wissner's Memo of Law at 8.)  Wissner otherwise satisfies the requirements of Fed. R. Civ. P. 23 because, among other things, her claims are "typical" in that they "arise form the same course of conduct that gives rise to the claims of the other class members," Glauser v. EVCI Center Colleges Holding Corp., No. 05 CIV.10240, 2006 WL 1302265, *4 (S.D.N.Y. May 9, 2006), and because Wissner "has a sufficient interest in the outcome of the case to ensure vigorous advocacy."[3] Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); see In re Crayfish Co. Sec. Litig., No. 00 Civ. 6766, 2002 WL 1268013, *4 (S.D.N.Y. 2002) ("At this stage in the litigation, one need only make a

---

[2]   The Private Securities Litigation Reform Act reads, in relevant part:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> > (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

See 15 U.S.C. 78u-4(a)(3)(B).

[3]   Ms. Wissner has also retained "counsel [that] is qualified, experienced and generally able to conduct the litigation."

3

'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied."). Hotel Trade Council has not rebutted this presumption by presenting evidence to show that Wissner "will not fairly and adequately represent the class or is subject to unique defenses that render [her] incapable of adequately representing the class." In re Veeco Instruments, Inc., 233 F.R.D. 330, 333 (S.D.N.Y. 2005).

### **Lead Counsel**

The lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. 78u-4(a)(3)(B)(iv). Wissner, the lead plaintiff, has selected the Law Offices of Bernard M. Gross, a Philadelphia law firm with experience in more than 35 complex class actions, as lead counsel. (See Wissner's Memorandum of Law at 12.) The Court finds that lead plaintiff's proposed counsel possesses the requisite experience to represent the interests of the class members. (See Declaration of Laurence Paskowitz, dated May 30, 2006, Exhibits C & D.) At the same time, the Court perceives no need for "liaison counsel" at this time. See In re Veeco Instruments, Inc., 233 F.R.D. 330, 334 (S.D.N.Y. 2005) ("I see no need for liaison counsel in this case and I decline to appoint liaison counsel. While [lead counsel] is a Philadelphia law firm, it frequently litigates in this Court . . . . This Court is not willing to deplete any recovery … by the value of fees incurred by two law firms when one can get the job done.").

### **III.   Conclusion and Order**

For the reasons stated herein, Wissner's Motion [4] is granted, the above-captioned cases are consolidated, Beverlie Wissner is appointed lead plaintiff, and the Law Offices of Bernard M. Gross is appointed lead counsel. The Crawford Group's Motion [10], the Hotel Trade Association's Motion [7], and the Winczewskis' Motion [13] are denied. Wissner is directed to serve and file a consolidated complaint by September 13, 2006.
The parties are directed to appear at a settlement/status conference with the Court on

September 25, 2006 at 9:00 a.m., in Courtroom 14A of the United States Courthouse, 500 Pearl Street, New York, New York, 10007. **The Court directs the parties to engage in good faith settlement negotiations prior to the conference with the Court.**

Dated: New York, New York
       August 10, 2006

/RMB/
_____
Richard M. Berman, U.S.D.J.